IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARTHA K. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00727 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| XPO LOGISITICS FREIGHT, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendant XPO Logistics Freight Inc.'s Motion to Dismiss (Doc. No. 10, "Motion"), supported by an accompanying Memorandum of Law. (Doc. No. 10-1). Plaintiff, Martha Hall, filed a response (Doc. No. 16, "Response"), and Defendant filed a reply. (Doc. No. 20). For the reasons stated herein, Defendant's Motion will be **GRANTED.**

### BACKGROUND[1]

Plaintiff was an employee at Conway Freight from January 2005 until Defendant acquired Conway Freight in October 2015. (Doc. No. 1 at 1). After the acquisition, Plaintiff continued at her same job, now employed by Defendant. (*Id.*). From 2014 onward, during her employment with Conway Freight and Defendant, Plaintiff experienced multiple acts of sexual harassment and assault at the hands of Human Resource Generalist Randy Overstreet, a current employee of Defendant. (*Id.*)

---

[1] The following information comes from Plaintiff's Complaint. (Doc. No. 1). The Court includes it for context and does not make any determinations as to the truth or accuracy of any alleged fact.

In 2014, Plaintiff reported Overstreet's sexual harassment to Glen Blasingim, who was formerly employed by Defendant as a Service Center Manager and acted as Plaintiff's direct supervisor. (*Id.* at 3). Blasingim failed to take corrective action or document Plaintiff's complaints. (*Id.*). In late 2015, Overstreet's actions worsened, and he began to follow Plaintiff around the warehouse, touching her breasts and butt. (*Id.*). The harassment continued from 2015-2019. (*Id.*).

Then in September 2019, Overstreet approached Plaintiff and told her that she was taking too much time off from work. (*Id.*). Plaintiff argued that this could not be true, and Overstreet requested she come into his office to discuss. (*Id.* at 3-4). Once in his office, Overstreet asked Plaintiff to come behind the desk to look at the "time-off portal." (*Id.* at 4). When she did, he began to grab her butt. (*Id.*). Plaintiff demanded Overstreet stop, and she then left the office. (*Id.*). Plaintiff then checked her attendance records, which showed that she was not taking too much time off and still had remaining vacation time. (*Id.*)

Plaintiff was constructively discharged from her position with Defendant around September 12, 2019. (*Id.*). Plaintiff brought the present action on September 17, 2021, alleging various claims under Title VII including discrimination, sexual harassment, hostile work environment, and constructive discharge. (Doc. No. 1 at 5).

On October 27, 2021, Defendant filed the present Motion as a motion to dismiss under Rule 12(b)(6). However, as the Court acknowledged in its March 04, 2022 order (Doc. No. 21), Plaintiff filed multiple documents outside of the pleadings in her Response. For the Court to fully consider those documents, it needed to convert Defendant's Motion from a motion to dismiss to a motion for summary judgment pursuant to Fed. R. Civ. P. Rule 12(d), which states,

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

In accordance with the second sentence of Rule 12(d), the Court's March 4, 2022 order (Doc. No. 21) provided notice to the parties of the Court's intention to convert the Motion and an opportunity to file any additional relevant evidence. Neither party filed additional evidence, so the Motion is ripe for review, which will be done under the standards of summary judgment and Fed. R. Civ. P. Rule 56.

## STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In other words, even if genuine, a factual dispute that is irrelevant or unnecessary under applicable law is of no value in defeating a motion for summary judgment. *See id*. at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Anderson*, 477 U.S. at 248. A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

Normally, the party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018). If the summary judgment movant meets that burden, then in response the non-moving party must set

forth specific facts showing that there is a genuine issue for trial. *Id.* at 628. However, the standard is different when the party bringing the summary judgment motion carries the burden of persuasion at trial. *Graham v. Murtland*, No. 1:16-CV-149, 2017 WL 6803347, at *2 (W.D. Mich. Nov. 5, 2017), *report and recommendation adopted*, No. 1:16-CV-149, 2018 WL 259399 (W.D. Mich. Jan. 2, 2018). "But where the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Id.* (quoting *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)). "[O]n a motion for summary judgment, if the defendant carries its heavy burden of proving its affirmative defenses, the plaintiff must produce evidence creating a triable issue of fact" as to whether that affirmative defense should apply. *Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 508 (6th Cir. 2021)

A party seeking summary judgment and a party opposing summary judgment must support the assertion by citing to materials in the record, including, but not limited to, depositions, documents, affidavits, or declarations. Fed. R. Civ. P. 56(c)(1)(A). In reviewing a motion for summary judgment, this court must view the evidence in the light most favorable to the non-moving party. *Tlapanco v. Elges*, 969 F.3d 638, 647 (6th Cir. 2020) (quoting *Anderson*, 477 U.S. at 248). Likewise, the court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Pittman*, 901 F.3d at 628. Credibility judgments and weighing of evidence are improper. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the non-moving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

On a motion for summary judgment, a party may object that the supporting materials specified by its opponent "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Upon such an objection, the proponent of the supporting material must show that the material is admissible as presented or explain how it could be presented in a form that would be admissible. *Thomas v. Haslam*, 303 F. Supp. 3d 585, 624 (M.D. Tenn. 2018); *Mangum v. Repp*, 2017 WL 57792 at *5 (6th Cir. Jan. 5, 2017) (citing Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment).

The Sixth Circuit has made clear that (assuming the standards for summary judgment, and the above-referenced prerequisites to *sua sponte* consideration of grounds for summary judgment, are met), a district court may grant summary judgment *sua sponte* based on the statute of limitations.[2] *See Grand Rapids Plastics, Inc. v. Lakian*, 188 F.3d 401, 407 (6th Cir. 1999).

## DISCUSSION

The undersigned has previously explained:

> Title VII, 42 U.S.C. § 2000(e)-2, proscribes certain discriminatory employment practices. Before filing suit in federal court under Title VII, a plaintiff must first timely file a relevant charge of discrimination before the Equal Employment Opportunity Commission (EEOC) or corresponding state agency. *Amini v. Oberlin Coll.*, 259 F.3d 493, 398 (6th Cir. 2001). The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731–32 (6th Cir. 2006) (citing *Parsons v. Yellow Freight Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). A plaintiff must file a charge with the EEOC within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e)(1). If the EEOC finds that the charge has a reasonable basis, it will issue to the plaintiff a notice of right-to-sue. 29 C.F.R. § 1601.28(b). **Upon receipt of a notice of right-to-sue, the employee has ninety days in which to bring a federal action alleging violation of Title VII.** 42 U.S.C. § 2000e–5(f)(1).

---

[2] The Court sees no reason why this proposition should not apply in the present case, which involves the ninety-day filing requirement of 42 U.S.C. § 2000e–5(f)(1), which "is a timing requirement similar to a statute of limitations." *Truitt v. Cty. of Wayne*, 148 F.3d 644, 646–47 (6th Cir. 1998).

*Claybrooks v. Insight Glob. LLC*, No. 3:20-CV-00605, 2020 WL 12893861, at *1 (M.D. Tenn. Oct. 1, 2020) (emphasis added). Here, Defendant argues that "Plaintiff's claims under Title VII are untimely and must be dismissed" because she failed to bring the present action within ninety days of receiving her right-to-sue notice from the EEOC. (Doc. No. 10-1 at 4). To support its argument, Defendant cites to a copy of Plaintiff's right-to-sue notice, which lists the date of mailing as September 1, 2020. (Doc. No. 10-3 at 2). Defendant also notes the indisputable fact that Plaintiff did not file this present action until September 17, 2021, which is 381 days after the notice says it was mailed. In response, Plaintiff does not dispute Defendant's evidence, but instead argues that equitable tolling should apply to her situation because, "[t]he EEOC dropped the ball here and Plaintiff should not pay for its mistakes." (Doc. No. 16 at 2).

The ninety-day filing requirement under Title VII is an affirmative defense like a statute-of-limitations defense, and is thus "subject to waiver, estoppel and equitable tolling." *Truitt v. Cty. of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998) (citing *Ruiz v. Shelby County Sheriff's Dep't*, 725 F.2d 388, 391 (6th Cir. 1984)). Accordingly, to resolve this Motion, the Court must determine whether Defendant has shown evidence from which "no reasonable trier of fact could find other than" in its favor as to the question of whether the ninety-day limitations period has run. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Court determines that Defendant has done so by pointing to undisputed evidence of the date the right-to-sue notice was issued and the date that Plaintiff filed the present action. Additionally, Plaintiff has not disputed the validity of Defendant's proffered evidence, nor offered any counter evidence.

However, that is not the end of the Court's analysis. "[A]lthough 'the party asserting statute of limitations as an affirmative defense has the burden of demonstrating that the statute has run,' the [plaintiff] bears the ultimate burden of persuading the court that he or she is entitled to equitable

tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)); *Campbell v. Grand Trunk W. R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001) ("Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run. If the defendant meets this requirement then the burden shifts to the plaintiff to establish an exception to the statute of limitations."). Though the *Ata* case references equitable tolling as it relates to statute-of-limitations defenses, as noted above, "the ninety-day filing requirement of 42 U.S.C. § 2000e–5(f)(1) . . . is a timing requirement similar to a statute of limitations." *Truitt*, 148 F.3d at 646–47. Accordingly, Plaintiff here bears the burden of persuading the Court that she is entitled to equitable tolling. Although the following proposition can be stated in slightly different ways, it is accurate and useful to say that Defendant is entitled to summary judgment if (i) there is no genuine dispute that the limitations period ran (which, as noted above, there is not), and (ii) there is no genuine issue of material fact as to the applicability of equitable tolling and Plaintiff's equitable-tolling claim fails as a matter of law. *See, e.g., Haynes v. Gidley*, No. 17-CV-11442, 2018 WL 1089536, at *3 (E.D. Mich. Feb. 26, 2018).

The Court pauses here to make some observations (necessarily with assistance from far-flung and non-precedential opinions) on the important but generally under-analyzed issues of when, and by whom, the decision is made as to the applicability of equitable tolling. The applicability of equitable tolling is an issue that generally is resolved at trial, albeit by the judge and not the jury.[3] *See, e.g., Rush-Shaw v. USF Reddaway, Inc.*, No. CV 12-0941-PHX-JAT, 2013

---

[3] The applicability (or lack thereof) of equitable tolling is a matter for the judge—not the jury—to decide because "[a]pplication of equitable tolling principles is, by definition, an equitable issue." *Osborn v. Griffin*, 865 F.3d 417, 465 (6th Cir. 2017). Accord *City of Cleveland v. Cleveland Elec. Illuminating Co.*, 538 F. Supp. 1280, 1287 (N.D. Ohio 1980) ("Inasmuch as equitable issues are properly tried to, and resolved by, the trial court, there is clearly no necessity for granting the plaintiff leave to present to the jury evidence in support of its equitable tolling claim.") (citations omitted).

WL 3455723, at *5 (D. Ariz. July 9, 2013) (appearing to accept that the applicability of equitable tolling appropriately would be decided at a bench trial if there remained by the time of trial disputed issues of fact concerning such applicability). But, like other fact-based issues presumptively to be resolved at trial, it can be resolved without a trial (including at the summary-judgment stage) if there remains no genuine issue of material fact and one side or the other is entitled to prevail as a matter of law regarding the applicability of equitable tolling. *See id.* (noting early indications suggesting that there would not be any contested factual issues regarding the applicability of equitable tolling and that plaintiff may be entitled to prevail on her claim of equitable tolling before trial); *Edmonston v. MGM Grand Air, Inc.,* 808 F. Supp 197 (E.D.N.Y. 1992) (denying equitable tolling at the summary judgment stage, where the plaintiff had not presented a genuine issue of fact as to equitable tolling to survive summary judgment). Here, the question is whether *Defendant* is entitled to prevail as a matter of law before trial, at the current summary-judgment stage, on the (in)applicability of equitable tolling.

"The propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Truitt*, 148 F.3d at 648 (citing *Jarrett v. US Sprint Comm, Co.*, 22 F.3d 256, 260 (6th. Cir. 1994)). And the Sixth Circuit has identified five factors a court should consider when making this case-by-case determination: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement." *Id.* at 648 (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

The undersigned has noted on multiple occasions that multi-factor (or balancing) tests, though often having considerable desirability and merit, tend to foster outcomes that are

unpredictable on the front end, given such tests' subjectivity.[4] And the test here is certainly subjective. The undersigned cannot claim to know a factually "right" outcome on these issues. But he must make a reasoned determination on these issues, based on experience and applicable case law (or the lack thereof), which guide him to an outcome he concludes is quite sound even if it is subjective.

In its Reply, Defendant argues that a consideration of the five factors shows why equitable tolling does not apply to Plaintiff's claims, asserting more specifically that "[a]t all times, Plaintiff had access to the EEOC Portal" where she could have seen that the right-to-sue notice had been issued[5], that Plaintiff was not ignorant of the ninety-day statutory filing requirement, and that Plaintiff "did not diligently pursue [her] rights in this case." (Doc. No. 20 at 1-2). Plaintiff does not explicitly address the five factors the Sixth Circuit has outlined, but in an effort to satisfy her burden of showing why equitable tolling should apply, she does extend some evidence to support her argument for equitable tolling. Plaintiff notes that she filed a discrimination charge with the EEOC on April 3, 2020. (Doc. No. 16-5 at 1). She also notes that on June 22, 2020, Plaintiff's attorney sent the EEOC a letter of representation stating, "Please direct any and all questions or

---

[4] *See* Eli J. Richardson, *Eliminating the Limitations of Limitations Law*, 29 ARIZ. ST. L.J. 1015, 1050 (1997) (proposing a multi-factor test to resolve civil statute-of-limitations issues, while conceding that when courts "apply[ ] a multi-factor test, [it is] always an unpredictable endeavor"); Eli J. Richardson, *Taking Issue with Issue Preclusion: Reinventing Collateral Estoppel*, 65 MISS. L.J. 41, 95 (1995) (proposing multi-factor test to resolve collateral estoppel issues, while conceding that its drawback is that it "would produce unpredictable resolutions of collateral estoppel issues, in that it is so flexible and calls for very subjective judicial determinations.").

[5] As discussed more below, Defendant supports this assertion by citing to the copy of the EEOC "Activity Log" provided by Plaintiff in support of her argument for equitable tolling, which shows Plaintiff accessing the EEOC portal as late as June of 2020. (Doc. No. 16-2 at 2). Defendant thus has provided a colorable basis for its assertion that equitable tolling does not apply in this case, but, ultimately more to the point, Plaintiff has not met her burden of showing the existence of a genuine dispute as to the (in)applicability of equitable tolling.

correspondence to [counsel]." (Doc. No. 16-1). As evidence of the EEOC's receipt of the letter of representation, Plaintiff cites to a copy of the EEOC's online "Activity Log" for her case, which shows the letter uploaded to the system on June 22, 2020. (Doc. No. 16-2 at 2). Plaintiff then contends her counsel did not receive any further updates or communications from the EEOC for a year, until he followed up on the case requesting a status update in June 2021. (Doc. No. 16-3). Plaintiff cites to evidence showing that the EEOC responded to this status update request by sending Plaintiff a copy of the right-to-sue letter and a note saying the letter had originally been issued in September 2020. (Doc. No. 16-4 at 1). Finally, Plaintiff attaches a declaration where she states she never received the original right-to-sue letter in the mail, nor any notice that a right-to-sue letter had been issued until July 2021. (Doc. No. 16-5 at 1-2).

As the Court noted above, Plaintiff does not explicitly address the five factors, but the Court will credit her cited evidence during its consideration of the factor most implicated by such evidence. For the first factor, Plaintiff's declaration suggests that she lacked actual notice of the filing requirement because (according to her) she never received the original right-to-sue letter in the mail. However, in the Sixth Circuit, there is no rule requiring "actual receipt of notice by a claimant before the time period begins to run." *Graham-Humphreys v. Memphis Brooks Museum of Art*, Inc., 209 F.3d 552, 558 (6th Cir. 2000) (quoting *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 474–75 (6th Cir. 1986)). Instead,

> [t]he Sixth Circuit has resolved that notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of [a right-to-sue] notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period.

*Id.* at 557. Additionally, Plaintiff cites to evidence showing that her attorney never received a copy of the right-to-sue letter. But a failure by the EEOC to "copy counsel on a right-to-sue letter" does

not prevent the "ninety-day period from running." *Carter v. Hickory Healthcare Inc.*, 905 F.3d 963, 969 (6th Cir. 2018) (quoting *Ball v. Abbott Advert., Inc.*, 864 F.2d 419, 421 (6th Cir. 1988)).

As Plaintiff has proffered no evidence, other than her own declaration, rebutting the presumption that notice was given following the EEOC's mailing of her right-to-sue letter, the Court finds that factor one does not favor application of equitable tolling. *See e.g. Carter v. Jack Daniel's Distillery*, No. 4:02-CV-001, 2002 WL 32059015, at *3 (E.D. Tenn. Nov. 26, 2002 ("The Court finds that the affidavits of Carter and Brooks are insufficient to rebut the presumption that the [right-to-sue] notice was delivered to Carter five days after it was mailed to her by the EEOC. Carter's unsubstantiated, self-serving affidavit does [not] preclude entry of summary judgment."). Similarly, factor two does not favor tolling, as "[c]onstructive knowledge of a time limit will usually be imputed when the plaintiff retains an attorney within the limitations period," and Plaintiff indisputably had an attorney prior to and during her ninety-day limitations period. *Weigel v. Baptist Hosp. of E. Tennessee*, 302 F.3d 367, 376 (6th Cir. 2002).

To prevail on factor three, a "a plaintiff must demonstrate facts showing his or her diligence in pursuing the claim." *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003) (citing *Morgan v. Washington Mfg. Co.,* 660 F.2d 710, 712 (6th Cir. 1981)). Plaintiff's Response suggests she was diligent in pursuing her case because she filed the present case "within 90 days of finding out about the EEOC's failure to deliver the right to sue to Plaintiff and her lawyer." (Doc. No. 16 at 3). However, there is substantial evidence showing Plaintiff was in fact *not* diligent in pursuing her case. It is undisputed that Plaintiff filed her discrimination charge with the EEOC in April 2020 and that Plaintiff's counsel informed the EEOC of his representation in June of 2020, and yet neither Plaintiff nor her counsel thought to check in on her case until June of 2021, at which point they realized the EEOC had issued a right-to-sue notice the previous year.

Furthermore, as Defendant pointed out, Plaintiff's own evidence—the copy of the EEOC "Activity Log"—shows that Plaintiff had access to her EEOC online portal, where she logged on in June of 2020, and could have checked the status of her case at any time prior to June of 2021. (Doc. No. 16-2 at 2). For these reasons, factor three does not favor equitable tolling.

Plaintiff does not mention whether Defendant would be prejudiced by applying equitable tolling to her case nor does any of her provided evidence seem relevant to this factor. As Plaintiff bears the burden of persuasion for all five factors, the Court cannot find that the fourth factor favors equitable tolling when it has gone completely unaddressed by Plaintiff. Similarly, Plaintiff does not present evidence under factor five as to whether she was reasonable in remaining ignorant of the ninety-day filing requirement, and the Court cannot find in her favor as to this factor. Consequently, none of the five factors favor equitable tolling.

Though the Court could resolve the Motion solely on the grounds discussed above, much of Plaintiff's Response focuses on cases she alleges have "similar circumstances," where courts have "applied equitable tolling to allow the lawsuit to proceed." (Doc. No. 16 at 4). The Court will address this argument in an effort to allow Plaintiff, as the non-moving party, to be fully heard. Plaintiff focuses mostly on two cases: *Brown v. Crowe*, 963 F.2d 895 (6th Cir. 1992) and *Ryczek v. Guest Servs., Inc.*, 877 F. Supp. 754 (D.D.C. 1995). Upon review of both cases, the Court finds important differences; there were facts existing in *Brown* and *Ryczek,* to support the application of equitable tolling in those cases, that do not exist in Plaintiff's case to warrant equitable tolling here. For example, *Brown* involved an individual who, after being terminated from his job, filed a charge of race discrimination with the Tennessee Human Rights Commission, which was involved in a "worksharing agreement" with the EEOC. 963 F.2d at 895-96. Under Title VII, "the general rule is that charges are to be filed with the EEOC within 180 days of the alleged discriminatory act,

with one exception: where proceedings have been filed with a state or local agency first," which expands the filing timeline to 300 days. *Id.* at 896. Due to the unusual procedure of the worksharing agreement, the Tennessee Human Rights Commission did not complete their investigation until well past 300 days from the date of the plaintiff's termination, and the district court dismissed the plaintiff's federal claims on the grounds that the plaintiff's EEOC charge was untimely filed. *Id.* at 897. On appeal, the EEOC appeared as amicus curiae on plaintiff's behalf, and the Sixth Circuit determined that "[t]he bureaucratic confusion and error, and the resulting administrative tardiness in fulfilling the statutory 300–day filing requirement, were in no way attributable to any conduct on the part of the plaintiff." *Id.* at 898. In *Ryczek*, the EEOC sent the right-to-sue letter to the plaintiff's former address in Rhode Island, and not the address she had provided to the EEOC as her permanent address in New York. 877 F. Supp. at 757-58. Additionally, in arguing for equitable tolling, the plaintiff in *Ryczek* presented a declaration from the Director of the investigating EEOC office, which indicated the EEOC erred by not sending the right-to-sue notice to the correct address and stated, "[The plaintiff] was not at all negligent and deserves her day in court." *Id.* at 758.

In the present case, there is no evidence of a bureaucratic worksharing agreement impacting Plaintiff's ability to receive her right-to-sue letter, nor is there evidence that the EEOC here mailed the letter to the wrong address. In fact, in the EEOC's letter sent to Plaintiff in July of 2021 when they re-sent her right-to-sue notice, the Area Director of the EEOC in Nashville wrote, "The Commission issued the attached Notice of Right to Sue (Dismissal Notice) to you on September 1, 2020. The Commission has not received any return mail indicating undeliverable mail or that you no longer live at the above address." (Doc. No. 16-4 at 1). Unlike in *Brown* and *Ryczek*, the EEOC in the present case has not taken responsibility for any delays or issues in Plaintiff's receipt

of her right-to-sue letter. Therefore, the Court cannot find that the facts in either case are so similar to the facts in the present case as to warrant the same result and application of equitable tolling.[6]

## CONCLUSION

"The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). Plaintiff has failed to persuade the Court that her failure to comply with the ninety-day limitations period "arose from circumstances beyond [her] control." *Id.*

Because of this, and for the reasons stated above, Defendant's Motion will be **GRANTED**, and all of Plaintiff's claims will be **DISMISSED with prejudice** pursuant to Rule 56.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[6] In particular, the Court must reject Plaintiff's over-the-top assertion that *Ryczek* involved "[c]ircumstances *strikingly* similar to the present situation." (Doc. No. 16 at 4) (emphasis added).